**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LUCILLE D. DELONG,
               Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-0831-14-0710-I-1

DATE: January 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lucille D. DeLong</u>, Deland, Florida, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the reconsideration decision of the Office of Personnel Management (OPM) regarding a possible overpayment of her deferred retirement annuity under the Civil Service Retirement System. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In her appeal filed in May 2014, the appellant appeared to challenge the amount of her annuity. Initial Appeal File (IAF), Tab 1 at 4. However, OPM's response indicated that it had rescinded its April 28, 2014 final decision due to administrative error,[2] and it moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 5. In a July 10, 2014 initial decision, the administrative judge found that, because OPM completely rescinded the reconsideration decision, the Board no longer retains jurisdiction over the appeal stemming from that reconsideration decision, and he dismissed the appeal. IAF, Tab 6, Initial Decision (ID) at 2.

More than 4 years later, on July 10, 2018, the appellant submitted an appeal form to the Board's Atlanta Regional Office in which she again challenged the computation of her annuity. The submission was forwarded to the Office of the Clerk of the Board for consideration as a petition for review. Petition for Review

---

[2] Neither the reconsideration decision, nor OPM's rescission of it, appears in the record.

(PFR) File, Tab 1 at 1, 5. The Office of the Clerk of the Board afforded the appellant the opportunity to address the untimeliness of her petition, PFR File, Tab 2, and she did so, PFR File, Tabs 4-5. The agency argued that the appellant failed to establish that her petition for review was timely filed or that good cause existed for its untimeliness. PFR File, Tab 6 at 4. Notwithstanding, OPM argued that, on review of the appellant's records, it determined that it erroneously informed her in its August 12, 2014 final decision that her request for reconsideration of her overpayment was "moot" because OPM had already collected the disputed debt.[3] *Id.* OPM requested that the Board vacate the initial decision and remand the case to OPM for issuance of a "more complete final decision." *Id.* at 4-5.

## ANALYSIS

As the administrative judge found, where, as here, OPM completely rescinds a reconsideration decision, the Board no longer has jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *See, e.g., Richardson v. Office of Personnel Management*, 101 M.S.P.R. 128, ¶ 3 (2006); ID at 2. Therefore, the administrative judge's dismissal of the appellant's appeal, stemming from OPM's April 28, 2014 reconsideration decision, was correct.[4] The fact that OPM subsequently issued another reconsideration decision on August 12, 2014, has no bearing on the propriety of the initial decision. Moreover, neither that fact, nor OPM's further determination that that reconsideration decision was also incorrect, provides any basis for the Board to vacate the initial decision, and we decline to do so. Nor need we remand this case to OPM for issuance of yet another reconsideration decision. OPM is free to issue such a decision at any time without action by the

---

[3] This reconsideration decision is also not in the record.

[4] Because we agree with the administrative judge's determination that the Board lacks jurisdiction over the appellant's appeal, we have made no findings on the timeliness of her petition for review.

Board. Nonetheless, we urge OPM to do so and to provide the appellant with a final decision that addresses all the issues she has raised in her petition for review and affords her proper appeal rights to the Board.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____

                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.